UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GO NEW YORK TOURS, INC., | C.A. No. 23-cv-04256-ER |
| Plaintiff, |  |
| -against- |  |
| GRAY LINE NEW YORK TOURS, INC., *et al.*, |  |
| Defendants. |  |

## DECLARATION OF PETER M. SARTORIUS

I, PETER M. SARTORIUS, declare the following:

1.      I am a partner at Olshan Frome Wolosky LLP, counsel for defendants Big Bus Tours Group Limited, Big Bus Tours Limited, Open Top Sightseeing USA, Inc., Taxi Tours, Inc., Go City Holdings Limited (f/k/a Leisure Pass Group Holdings Limited), Go City Limited (f/k/a Leisure Pass Group Limited), and Go City, Inc. (f/k/a Leisure Pass Group, Inc.). I make the declaration in support of defendants' joint motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's Prior Federal Action against Defendants

2.      In March 2019, Go New York commenced a civil action against Defendants entitled *Go New York Tours, Inc. v. Gray Line New York Tours, Inc.*, C.A. No. 19-cv-02832-LAK (the "Prior Federal Action"). On May 23, 2019, Go New York filed a first amended complaint in the Prior Federal Action (the "First Amended Complaint"). I have attached a true copy of the First Amended Complaint filed by Plaintiff in the Prior Federal Action to my declaration as Exhibit A.

12272840-1

3.      Go New York's First Amended Complaint in the Prior Federal Action alleged that Defendants conspired to restrain trade in the "hop-on / hop-off" tour bus market and multi-attraction pass market in New York City by fixing prices for their products and preventing Go New York from securing "trade partner agreements" with certain popular New York City tourist attractions—including Top of the Rock, Empire State Building, One World Observatory, the Intrepid Sea, Air, and Space Museum, and others. Go New York's complaint in the Prior Federal Action asserted claims for alleged antitrust violations under the Sherman Act and Donnelly Act, and related claims under New York common law based on the same allegations.

4.      In a Memorandum and Order dated November 7, 2019 (the "First Dismissal Order"), Judge Kaplan dismissed Go New York's First Amended Complaint in the Prior Federal Action for failure to state a claim and granted leave to replead, after concluding that the complaint had not pleaded facts demonstrating the existence of any unlawful restraint that would violate federal antitrust laws or the Donnelly Act. Instead, Judge Kaplan held that Go New York's claims rested on "conclusory allegation[s]," "faulty inference[s]," and "sparse details." I have attached a true copy of the First Dismissal Order to my declaration as Exhibit B.

5.      On December 5, 2019, Go New York filed a second amended complaint in the Prior Federal Action (the "Second Amended Complaint") with virtually no new factual allegations and, this time, asserting three causes of action each premised on the Defendants' alleged anticompetitive conduct in the "hop-on / hop-off" tour bus and multi-attraction pass markets in New York City: violation of the Sherman Act, violation of the Donnelly Act, and unfair competition under New York law. I have attached a true copy of the Second Amended Complaint filed by Plaintiff in the Prior Federal Action to my declaration as Exhibit C.

12272840-1

6.      In a Memorandum and Order dated March 4, 2020 (the "Second Dismissal Order"), Judge Kaplan dismissed the Second Amended Complaint in the Prior Federal Action. As for Go New York's federal antitrust claims under the Sherman Act, Judge Kaplan held that the Second Amended Complaint contained no new factual allegations in support of those claims and dismissed them again—this time "with prejudice." Judge Kaplan declined to exercise supplemental jurisdiction over the remaining unfair competition claim under New York law, and dismissed that claim for lack of supplemental jurisdiction. I have attached a true copy of the Second Dismissal Order to my declaration as Exhibit D.

7.      The final judgment in the Prior Federal Action was entered by the Clerk on March 6, 2020. I have attached a true copy of the final judgment in the Prior Action to my declaration as Exhibit E.

8.      On December 22, 2020, the Second Circuit affirmed Judge Kaplan's dismissal. *See Go New York Tours, Inc. v. Gray Line New York Tours, Inc.*, 831 Fed. Appx. 584 (2d Cir. 2020). On April 26, 2021, the Supreme Court of the United States denied Go New York's petition for a writ of certiorari. *See Go New York Tours, Inc. v. Gray Line New York Tours, Inc.*, 141 S. Ct. 2571 (2021).

Plaintiff's Prior New York State Action against Defendants

9.      On May 28, 2021, Go New York filed counterclaims alleging the same antitrust theory in a pending New York state court case, initially against entities in the Big Bus and Leisure Pass corporate family, and then adding the Gray Line entities as additional counterclaim defendants. I have attached a true copy of Plaintiff's Amended Verified Answer and Counterclaims, filed May 28, 2021, in the action *Taxi Tours, Inc. v. Go New York Tours, Inc.*, Supreme Court, New York County, Index No. 653012/2019 (the "New York Supreme Court Action"), to my declaration as Exhibit F.

3

12272840-1

10.     By Decision and Order dated December 2, 2021, the Commercial Division dismissed Go New York's antitrust and derivative tortious interference claims, holding that Go New York's claims "would be subject to dismissal regardless of whether it's federal or state [law] in terms of the sufficiency of the allegations." I have attached a true copy of the Transcript of Proceedings Before the Honorable Jennifer Schecter held December 2, 2021, in the New York Supreme Court Action, to my declaration as Exhibit G. I have attached a true copy of the Decision and Order on Motion dated December 2, 2021, in the New York Supreme Court Action, to my declaration as Exhibit H.

11.     By Order dated November 3, 2022, the Appellate Division of the Supreme Court of the State of New York, First Department, affirmed the Commercial Division's dismissal of Go New York's antitrust claims, ruling that "[g]iven the lack of any allegations concerning specific conspiratorial acts or discussions by the alleged coconspirators, the [motion] court properly declined to infer the existence of a conspiracy or an unlawful arrangement among Gray Line, Taxi Tours, and the attractions." *Taxi Tours Inc. v. Go N.Y. Tours, Inc.*, 210 A.D.3d 451, 452 (1st Dep't 2022). Go New York's appeal to the New York Court of Appeals of the First Department's affirmance is currently pending.

<u>Plaintiff's Allegations in This Action Are Duplicative of Plaintiff's Claims in the Prior Federal Action</u>

12.     I have attached a true copy of a redline comparison, reflecting the differences between Go New York's Second Amended Complaint in the Prior Federal Action and Plaintiff's First Amended Complaint in this action, to my declaration as Exhibit I.

13.     As shown in Exhibit I, a vast majority of the allegations in Go New York's Verified Complaint in this action are copied word-for-word from Go New York's complaint in the Prior Federal Action.

4

12272840-1

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: November 13, 2023

<i>/s/ Peter M. Sartorius</i>

Peter M. Sartorius