# BARTON

**MAURICE N. ROSS**
**DIRECT: 212.885.8845**
MROSS@BARTONESQ.COM

ATTORNEYS AT LAW

711 Third Avenue
14th Floor
New York, NY 10017

(212) 687.6262  Office
(212) 687.3667  Fax

bartonesq.com

April 24, 2025

**VIA ECF FILING**
Hon. Judge Edgardo Ramos
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

> **Re:**    ***Go New York Tours, Inc., v. Gray Line New York Tours, Inc., et al.,*** **Case No. 23-cv-4256 (ER) – Request for Pre-Motion Conference Pursuant to Individual Practice Rule 2(A)(ii)**

Dear Judge Ramos:

We represent plaintiff Go New York Tours, Inc. ("Go New York") in the above-referenced case. By Order dated August 27, 2024, Your Honor granted the defendants' motion to dismiss Go New York's amended complaint under Fed. R. Civ. P. 12(b)(6), finding, *inter alia*, that Go New York's allegations of an anticompetitive agreement among the defendants memorialized in an August 27, 2020 Memorandum of Understanding (the "MOU") and unspecified subsequent operating agreements were insufficient to plead claims for relief under Sections 1 and 2 of the Sherman Act.[1] Since then, material documents and information regarding defendants' alleged misconduct have come to light which appear to have been known to defendants before Your Honor's dismissal order but were unknown to and could not with reasonable diligence have been discovered by Go New York. Therefore, Go New York anticipates filing a motion pursuant to Fed. R. Civ. P. 60(b) for relief from Your Honor's Order dismissing the complaint, on grounds of newly discovered evidence and potential fraud or misrepresentations by defendants, and will seek leave to file a second amended complaint alleging the newly discovered evidence and facts.

On around April 16, 2025, the Office of the Attorney General of New York ("OAG") announced the consent resolution of an antitrust investigation into defendants Gray Line New York Tours, Inc., Twin America LLC, Sightseeing Pass LLC (collectively, "Gray Line" or "Twin America") and defendants Big Bus Tours Group Limited, Big Bus Tours Limited, Open Top

---

[1]    ECF Doc. 78. *See Go New York Tours, Inc. v. Gray Line New York Tours, Inc., et al.*, No. 23-CV-4256 (ER), 2024 WL 3952190 (S.D.N.Y. Aug. 27, 2024), *aff'd,* No. 24-2392-CV, 2025 WL 947083 (2d Cir. Mar. 27, 2025).

Edgardo Ramos, U.S.D.J.
April 24, 2025
Page 2 of 3

Sightseeing USA, Inc, and Taxi Tours USA (collectively "Big Bus") concerning alleged claims of antitrust violations against Twin America and Big Bus which appear substantially similar to Go New York's allegations against those same parties in this case. The OAG issued an "Assurance of Discontinuance" against each of Twin America and Big Bus, dated April 10, 2025 and September 9, 2024, respectively (the "Assurances"),[2] stating the OAG's findings and the relief to which Twin America and Big Bus each consented in order to avoid the OAG's commencement of statutory proceedings for what the OAG found to be their "likely violations" of federal and state antitrust statutes.

Further, the OAG based its findings on not only the MOU alleged in Go New York's Amended Complaint, but also eight additional agreements which defendants entered into subsequent to the MOU, which the OAG enumerated in paragraph 4 of each of the Assurances. Those are the "subsequent related operating agreements" which this Court found Go New York was unable to allege with sufficient particularity to sustain its antitrust claims.[3]

Defendants concealed those "subsequent related operating agreements" from Go New York and the courts. When Go New York sought production of all such agreements from defendants in discovery in the parties' separate case pending in New York State court, defendants effectively denied that any such agreements existed.[4] In this case, defendants submitted to this Court in support of their joint motion to dismiss a declaration from a Big Bus executive, Julia Conway, identifying and attaching the MOU alleged in Go New York's amended complaint while omitting any mention of the subsequent operating agreements also alleged by Go New York.[5] In defendants' supporting memorandum, they told this Court that "[c]ontrary to Plaintiff's claims, the Summer 2020 MOU is a simple ticket reseller agreement" and that "[t]he interpretation of the Summer 2020 MOU in Go New York's Amended Complaint is completely implausible… in reality and by its plain terms, the Summer 2020 created a reseller relationship…"[6]

The OAG explicitly found that those agreements which defendants tried to conceal from Go New York and this Court to be evidence an anticompetitive conspiracy or arrangement among Twin America and Big Bus, stating that their "entry into the Agreements likely violates the

---

[2]     Copies of the OAG's Assurances, denominated Assurance No. 24-070 with respect to Big Bus and Assurance No. 25-015 with respect to Gray Line, are submitted herewith, and may also be accessed via the OAG's website at https://ag.ny.gov/sites/default/files/settlements-agreements/big-bus-tours-limited-et-al-ssurance-of-discontinuance-2025.pdf and https://ag.ny.gov/sites/default/files/settlements-agreements/twin-america-llc-et-al-assurance-of-discontinuance-2025_0.pdf.

[3]     *See* ECF Doc. 78, at 15 ("Second, Go New York's reference to 'subsequent related operating agreements' fails to bolster its argument. The allegations are wholly conclusory.")

[4]     *See, e.g.*, *Taxi Tours, Inc. v. Go New York Tours, Inc., et al.*, New York State Supreme Court, New York County, Index No. 653012/2019, NYSCEF Docket Nos. 455-458, requests and responses nos. 7 and 8.

[5]     *See* ECF Doc. 68, Declaration of Julia Conway dated November 13, 2023, at ¶2.

[6]     ECF Doc. 67, Defendants' Memorandum in Opposition dated November 13, 2023, at 8, 21.

Edgardo Ramos, U.S.D.J.
April 24, 2025
Page 3 of 3

Donnelly Act, Gen. Bus. Law § 340 *et seq.*; the Sherman Act, 15 U.S.C. § 1; and New York Executive Law § 63(12)."[7] Those agreements are material to Go New York's antitrust claims and, had defendants not improperly concealed them, would have enabled Go New York to plead more-than-plausible claims for relief against defendants.

Therefore, Go New York requests a conference to address its anticipated motion pursuant to Rule 60(b) for relief from this Court's August 27, 2024 Order dismissing the amended complaint and motion for leave to further amend its pleadings to incorporate the newly discovered evidence and facts.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ Maurice N. Ross*
Maurice N. Ross

Enclosures

CC:    Peter Sartorius, Esq., psartorius@olshanlaw.com
       Natasha Menell, Esq., nmenell@olshanlaw.com
       Daniel Stone, Esq., dstone@olshanlaw.com
       Tamar Prince, Esq., tprince@olshanlaw.com

       Richard Sybert, Esq., rsybert@grsm.com
       Daniel Fix, Esq., dfix@grsm.com
       Kerry Jardine, Esq., kjardine@grsm.com
       Gregory Brescia, Esq., gbrescia@grsm.com

       Michael Ward, Esq., mward@bartonesq.com
       Randall Rasey, Esq., rrasey@bartonesq.com
       George Pikus, Esq., gpikus@bartonesq.com
       Barak Bacharach, Esq., bbacharach@bartonesq.com

---

[7]    Assurance No. 25-015, at ¶ 8; Assurance No. 24-070, at ¶ 8.