# O L S H A N

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: PSARTORIUS@OLSHANLAW.COM
DIRECT DIAL: 212.451.2329

May 1, 2025

<u>BY ECF</u>

Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, New York, 10007

> Re:    *Go New York Tours, Inc. v. Gray Line New York Tours, Inc.*
> Case No. 23-cv-4256 (ER) – Response to Request for Pre-Motion Conference

Dear Judge Ramos:

We represent the Big Bus and Go City defendants in this action. We write jointly with counsel for the Twin America and Gray Line defendants (all defendants collectively, the "**Defendants**") in response to the April 24, 2025, pre-motion conference letter [Dkt. 87] filed by counsel for plaintiff Go New York Tours, Inc. ("**Go NY**").

## **Background**

Go NY's Amended Complaint (the "**FAC**" [Dkt. 59]) alleged that Defendants unlawfully merged their operations into a monopolistic "single operating entity" pursuant to a summer 2020 MOU under which Twin America ceased its hop-on, hop-off bus tour operations and began selling tickets for Big Bus's bus tours. (FAC ¶¶ 54-55.) The FAC claimed that agreement "formalize[d] and extend[ed]" Defendants' conspiracy "to deny Go New York access to critical trade partners within New York City" and fix prices for their respective multi-attraction pass products. (FAC ¶ 61.) The FAC also alleged that "to implement the MOU, there have been several other agreements between Big Bus and Grey [*sic*] Line." (FAC ¶ 56.)

By Opinion and Order dated August 27, 2024 [Dkt. 78], Your Honor dismissed Go NY's federal antitrust claims and unfair competition claim based on *res judicata*, holding that those claims are barred by Judge Kaplan's final judgment dismissing those same claims in a prior federal action commenced by Go NY in 2019. The Second Circuit recently *affirmed* and also held that Go NY had abandoned its remaining claims under the Clayton Act and New York's Donnelly Act by failing to challenge the dismissal of those claims on appeal. [Dkt. 86 at n.1.]

## **The AODs**

As a threshold matter, the two Assurances of Discontinuance (the "**AODs**" [Dkts. 86-1, 86-2]) referenced in Go NY's letter set forth only the New York Attorney General's findings concerning alleged anticompetitive conduct by Big Bus and Twin America – Big Bus and Twin America *squarely deny any wrongdoing described or implied in the AODs*.

May 1, 2025
Page 2

The AODs allege that Defendants entered into an arrangement by which Twin America would cease its hop-on, hop-off bus tour operations in New York City in exchange for Twin America receiving higher commissions for selling Big Bus's bus tours on Twin America's multi-attraction pass. The AODs find that this arrangement *may* have harmed *consumers* by "reduc[ing] competition for HOHO bus tour services in New York City because Twin America has not operated HOHO bus tours in New York City since the Agreements have been in effect." (AODs at ¶ 7.) In other words, as a result of this alleged arrangement, tourists had one less choice for hop-on, hop-off providers (while the *remaining* providers, including Big Bus and Go NY, had one less competitor to compete with). The AODs do not find that the alleged arrangement between Defendants resulted in any harm to other hop-on, hop-off bus tour operator *competitors* such as Go NY.

### There Are No "Exceptional Circumstances" Sufficient to Vacate the Final Judgment

"A party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Rule 60(b) is "a mechanism for *extraordinary* judicial relief invoked only if the moving party demonstrates *exceptional circumstances*." *Id.* (emphasis supplied).

Here, Go NY invokes Rule 60(b)(2), which grants the Court discretion to vacate a prior judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To succeed, Go NY must establish that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020).

Go NY is not entitled to this "extraordinary judicial relief" for multiple reasons.

First, the dismissal of Go NY's claims did not result from a summary judgment motion, trial, or other proceeding at which Go NY could have proffered additional "evidence." Instead, the Court dismissed Go NY's claims at the pleading stage *as a matter of law* based on *res judicata*. Additional "evidence" of Defendants' alleged anticompetitive conduct is merely cumulative of what is already alleged in the FAC. Any such new "evidence" cannot alter the Court's and the Second Circuit's determinations that *res judicata* bars Go NY's claims.

Second, the various agreements between Defendants and described in the AOD[1] are not "newly discovered" facts. To the contrary, the FAC specifically alleges that Defendants entered into

---

[1] The AODs describe these agreements as follows: "(i) Twin America would re-sell tickets for Big Bus HOHO bus tours in New York City and Big Bus would pay Twin America higher commission rates than in any other city in which Twin America re-sells Big Bus HOHO bus tour tickets; and (ii) Big Bus would operate between one and four HOHO buses

12868216-5

May 1, 2025
Page 3

multiple "formal and informal" agreements pursuant to which (a) Twin America ceased its hop-on, hop-off bus tour operations but would continue to sell Big Bus' tours on its multi-attraction pass (FAC ¶ 55), and (b) Twin America permitted Big Bus to use its designated bus stops so that Twin America could retain its NYC Department of Transportation permits for those stops (FAC ¶ 58).

Third, evidence of the existence of these agreements would not have "changed the outcome" because these agreements do not support Go NY's claims. The AODs say nothing to support Go NY's allegation that Defendants "merged" their bus tour and multi-attraction pass operations— which is the cornerstone of Go NY's claims in the FAC. To the contrary, as the Second Circuit reasoned, the existence of commercial agreements between Defendants reinforces the conclusion that there never was such a merger because "there would be no need for" such agreements "if Big Bus and Gray Line had merged into a 'single entity.'" [Dkt. 86 at pp.5-6.]

The AODs also do not support Go NY's claim that Defendants "have expressly agreed to provide each other access to critical trade partners, while conspiring together to exclude Go New York from access to such trade partners." (FAC ¶ 62.) Instead, the AODs only assert that Defendants' agreements "reduced competition for HOHO *bus tour services* in New York City because Twin America has not operated HOHO bus tours in New York City since the Agreements have been in effect." [*E.g.*, Dkt. 87-1 ¶ 7] (emphasis supplied).

Fourth, Rule 60(b)(2) requires the "newly discovered evidence" to have "existed at the time of trial or other dispositive proceeding. Here, the Court's Opinion and Order and judgment dismissing Go NY's claims were filed August 27, 2024. But the AODs did not exist until September 9, 2024 (in the case of Big Bus), and April 10, 2025 (in the case of Twin America).

Fifth, Go NY's contention that Defendants "concealed" their agreements from Go NY is absurd. Defendants are not obligated to provide their competitors with copies of their contracts. Go NY's claims in this action did not even survive the pleading stage. And in the New York State case, Justice Schecter recently rejected this same assertion by Go NY. (*See* Ex. A.)

*       *       *

We appreciate the Court's attention to this matter and look forward to the May 7, 2025, pre-motion conference.

Respectfully submitted,

Peter M. Sartorius

cc:     All counsel of record

---

owned by Twin America to enable Twin America to maintain its authorized bus stop permits in New York City." [*E.g.*, Dkt. 87-1 at ¶ 5.]

12868216-5