UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GO NEW YORK TOURS, INC.,

                    Plaintiff,

-against-

GRAY LINE NEW YORK TOURS, INC., *et al.*,

                    Defendants.

C.A. No. 23-cv-04256-ER

---

## DECLARATION OF PETER M. SARTORIUS

I, PETER M. SARTORIUS, declare the following:

1.  I am a partner at Olshan Frome Wolosky LLP, counsel for defendants Big Bus Tours Group Limited, Big Bus Tours Limited, Open Top Sightseeing USA Inc., and Taxi Tours, Inc.[1]

2.  I make this declaration in support of defendants' joint opposition to plaintiff Go New York Tours, Inc.'s motion to (a) vacate the August 27, 2024, Judgment [Dkt. 79] pursuant to Fed. R. Civ. P. 60(b)(2), and (b) amend its extant complaint pursuant to Fed. R. Civ. P. 15 (the "Motion").

Plaintiff's Prior Federal Action against Defendants

3.  In March 2019, Go New York commenced a civil action against Defendants entitled *Go New York Tours, Inc. v. Gray Line New York Tours, Inc. et al.*, C.A. No. 19-cv-

---

[1] The Motion does not seek to vacate the Judgment as against defendants Go City Holdings Limited (f/k/a Leisure Pass Group Holdings Limited), Go City Limited (f/k/a The Leisure Pass Group Limited), or Go City, Inc. (f/k/a Leisure Pass Group, Inc.). *See* Plaintiffs' Memorandum of Law in Support of Go New York Tours, Inc's Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b) and for Leave to File a Second Amended Complaint ("Pl.'s Mem."), p.1 n.1 [Dkt. 93.]

02832 (LAK) (the "Prior Federal Action"). On May 23, 2019, Go New York filed a first amended complaint in the Prior Federal Action (the "Prior Amended Complaint"). I have attached a true copy of the Prior Amended Complaint filed by Plaintiff in the Prior Federal Action to my declaration as Exhibit A.

4.      Go New York's Prior Amended Complaint alleged that Defendants conspired to restrain trade in the "hop-on / hop-off" tour bus market and multi-attraction pass market in New York City by fixing prices for their products and preventing Go New York from securing "trade partner agreements" with certain popular New York City tourist attractions—including Top of the Rock, Empire State Building, One World Observatory, the Intrepid Sea, Air, and Space Museum, and others. The Prior Amended Complaint also asserted claims for alleged antitrust violations under the Sherman Act and Donnelly Act and related claims under New York common law based on the same allegations.

5.      In a Memorandum and Order dated November 7, 2019 (the "First Dismissal Order"), Judge Kaplan dismissed Go New York's Prior Amended Complaint for failure to state a claim and granted leave to replead, after concluding that the complaint had not pleaded facts demonstrating the existence of any unlawful restraint that would violate federal antitrust laws or the Donnelly Act. Instead, Judge Kaplan held that Go New York's claims rested on "conclusory allegation[s]," "faulty inference[s]," and "sparse details." I have attached a true copy of the First Dismissal Order in the Prior Federal Action to my declaration as Exhibit B.

6.      On December 5, 2019, Go New York filed a second amended complaint in the Prior Federal Action (the "Second Amended Complaint") with virtually no new factual allegations and, this time, asserting three causes of action each premised on the Defendants' alleged anticompetitive conduct in the "hop-on / hop-off" tour bus and multi-attraction pass

2

markets in New York City: violation of the Sherman Act, violation of the Donnelly Act, and unfair competition under New York law. I have attached a true copy of the Second Amended Complaint filed by Plaintiff in the Prior Federal Action to my declaration as Exhibit C.

7.      In a Memorandum and Order dated March 4, 2020 (the "Second Dismissal Order"), Judge Kaplan dismissed the Second Amended Complaint in the Prior Federal Action. As for Go New York's federal antitrust claims under the Sherman Act, Judge Kaplan held that the Second Amended Complaint contained no new factual allegations in support of those claims and dismissed them again—this time "with prejudice." Judge Kaplan declined to exercise supplemental jurisdiction over the remaining unfair competition claim under New York law, and dismissed that claim for lack of supplemental jurisdiction. I have attached a true copy of the Second Dismissal Order in the Prior Federal Action to my declaration as Exhibit D.

8.      The final judgment in the Prior Federal Action was entered by the Clerk on March 6, 2020. I have attached a true copy of the final judgment in the Prior Federal Action to my declaration as Exhibit E.

9.      On December 22, 2020, the Second Circuit affirmed Judge Kaplan's dismissal. *See Go New York Tours, Inc. v. Gray Line New York Tours, Inc. et al.*, 831 Fed. Appx. 584 (2d Cir. 2020). On April 26, 2021, the Supreme Court of the United States denied Go New York's petition for a writ of certiorari. *See Go New York Tours, Inc. v. Gray Line New York Tours, Inc. et al.*, 141 S. Ct. 2571 (2021).

Plaintiff's New York State Action against Defendants

10.     On May 28, 2021, Go New York filed an answer with counterclaims, alleging the same antitrust theory, in a pending New York state court case, initially against entities in the Big Bus and Leisure Pass corporate family and then adding the Gray Line entities as additional counterclaim defendants.

11.     By Decision and Order dated December 2, 2021, the Commercial Division dismissed Go New York's antitrust and derivative tortious interference claims, holding that Go New York's claims "would be subject to dismissal regardless of whether it's federal or state [law] in terms of the sufficiency of the allegations."

12.     By Order dated November 3, 2022, the Appellate Division of the Supreme Court of the State of New York, First Department, affirmed the Commercial Division's dismissal of Go New York's antitrust claims, ruling that "[g]iven the lack of any allegations concerning specific conspiratorial acts or discussions by the alleged coconspirators, the [motion] court properly declined to infer the existence of a conspiracy or an unlawful anticompetitive arrangement among Gray Line, Taxi Tours, and the attractions." *Taxi Tours Inc. v. Go N.Y. Tours, Inc. et al.*, 210 A.D.3d 451, 452 (1st Dep't 2022).

13.     On March 14, 2024, the Court of Appeals reversed the decision of the Appellate Division. It held that Go New York's factual allegations, "although sparse," stated a cognizable Donnelly Act counterclaim. *Taxi Tours Inc. v. Go New York Tours, Inc. et al.*, 41 N.Y.3d 991, 994, 236 N.E.3d 159 (N.Y. 2024).

14.     Go New York's Donnelly Act counterclaim has been actively litigated since the Court of Appeals' decision. I have attached a true copy of the operative version of Go New York's counterclaims, filed October 4, 2024, as Exhibit F.

15.     On May 29, 2025, Go New York moved to amend its counterclaims to include new allegations and claims relating to two Assurances of Discontinuance. I have attached a true copy of Go New York's memorandum in support of its motion to amend as Exhibit G.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

4

5

Dated: June 18, 2025

/s/ Peter M. Sartorius
Peter M. Sartorius